1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN CALIFORNIA GLAZIERS,
ARCHITECTURAL METAL AND GLASS
WORKERS PENSION PLAN, et al.,

        Plaintiffs,

  v.

PACIFIC GLASS & ALUMINUM, INC.,

        Defendant.

_____/

No. C-09-01301 EDL

**REPORT AND RECOMMENDATION RE
MOTION FOR DEFAULT JUDGMENT**

Plaintiffs are various labor-affiliated retirement plans and trust funds, as well as their
trustees.  Defendant is a defunct business.  On March 25, 2009, Plaintiffs filed a complaint under
sections 1132 and 1145 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29
U.S.C. §§ 1132 and 1145, and section 301 of the Labor-Management Relations Act, 29 U.S.C. §
185(a), alleging that Defendant violated a collective bargaining agreement ("CBA") by refusing to
permit Plaintiffs to audit Defendant's records.  The purpose of the audit was to determine whether
Defendant had made required monetary contributions pursuant to the terms of the CBA during the
period of April 1, 2006, through June 21, 2008, when, according to Plaintiffs, Defendant ceased
operations.

The complaint seeks (1) an order requiring Defendant to submit to the audit, (2) attorneys'
fees and costs, (3) a judgment against Defendant, requiring it to make any unpaid contributions and
to pay liquidated damages, interest on any unpaid contributions, and union dues to Plaintiffs, all
according to proof based on the results of the audit, and (4) an order enjoining Defendant from
violating the CBA and from disposing of any assets or resuming business until it has complied with

1    the audit and satisfied the judgment.  Plaintiffs also request that this Court retain jurisdiction over

2    this case until Defendant has discharged its obligations.

3         On April 1, 2009, Plaintiffs served Defendant with the summons and complaint.  Defendant

4    failed to answer the complaint or otherwise defend the action.  On May 1, 2009, upon Plaintiffs'

5    request, the Clerk of this Court entered Defendant's default under Federal Rule of Civil Procedure

6    55(a).  On June 26, 2009, Plaintiffs filed and served their Motion for Default Judgment, which is

7    now before the Court.  See Motion for Default Judgment.  On August 4, 2009, this Court conducted

8    a hearing in connection with Plaintiffs' motion.  Muriel Kaplan appeared on behalf of Plaintiffs.  No

9    appearance was made on Defendants' behalf.

10        Because Defendant has not appeared in this action, this Court has not secured consent

11   pursuant to 28 U.S.C. § 636(c).  Accordingly, the Court makes the following Report and

12   Recommendation:

13   **I.        Plaintiffs are Entitled to Default Judgment**

14        Plaintiffs served Defendant with their motion for default judgment.  See Proof of Service,

15   attached to Motion (filed June 26, 2009).  A court may not enter a default judgment against an

16   unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P.

17   55(b)(2); 50 App. U.S.C. § 520.  Defendant, as a corporate entity, is not an unrepresented minor, an

18   incompetent person or a person in military service.  Declaration of Muriel B. Kaplan, ¶ 7.

19        In determining whether to grant a default judgment, a court should consider the following

20   factors: (1) the substantive merits of the plaintiff's claim(s); (2) the sufficiency of the complaint; (3)

21   the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5)

22   the possibility of dispute as to any material facts in the case; (6) whether default resulted from

23   excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring

24   decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

25        Defendant has failed to respond to the Complaint or otherwise to appear in the proceedings.

26   By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint

27   except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).  Accordingly, Defendant

28   concedes that it has a contractual duty to permit Plaintiffs to conduct an audit, and that it has

**United States District Court**
For the Northern District of California

2

breached that duty.  See Complaint, ¶¶ 17, 19.  The probability of dispute as to any material facts is low, since the parties executed written agreements, and the default did not result from any excusable neglect.  Declaration of Muriel B. Kaplan, ¶ 3-4; Ex. A at p. 10; Ex. B at p. 1.  Plaintiffs would also suffer prejudice if relief is not granted because without an audit, Plaintiffs cannot prove any additional unpaid sums or the resulting damages.  See Decl. Kaplan at ¶ 5.

Given Defendant's failure to appear or to settle the dispute, the sufficiency of Plaintiffs' Complaint, and the apparent merit of Plaintiffs' substantive claims, the Court recommends that default judgment be entered against Defendant.  See Fed.R.Civ.P. 55(b); Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986).

## II.      Equitable Relief

Section 1132 of ERISA authorizes the Court to award "such legal and equitable relief as the court deems appropriate."  29 U.S.C. §1132(g)(2)(E).  According to Plaintiffs' unrebutted allegations, Defendants have breached the CBA by, among other things, refusing to submit to an audit of sufficient scope to allow Plaintiffs to determine whether Defendant has fulfilled its obligations under the CBA.  Complaint at ¶ 19.  Plaintiffs seek an order compelling Defendants to submit to such an audit.  Motion at 5:8-14.

Since Plaintiffs have produced evidence that the governing Trust Agreements obligate Defendant to submit to the audit requested by Plaintiffs, and that Defendant has not done so, Plaintiffs have demonstrated that injunctive relief is appropriate.  See Kaplan Decl. at ¶ 5 & Ex. B (Trust Agreement) at 4; Complaint at ¶ 19.

In order to conduct the audit, Plaintiffs seek auditor access to Defendant's bank statements, including copies of paid checks, for the period of April 1, 2006, through June 21, 2008.  See Complaint at ¶ 21 & Declaration of Janet Dominguez, ¶ 4; Exs. A, B.[1]  Plaintiffs do not describe any other required documents.  Therefore, the Court recommends that judgment be entered compelling

---

[1] Plaintiffs' papers do not consistently identify the period's end date, describing it in some places as June 21, 2008, in others as June 30, 2008.  Plaintiffs' papers also describe Defendant's business as having closed on June 21, 2008.  See Motion at 2:6; Complaint at ¶ 18.  Since the cover of the CBA indicates an expiration date of June 21, 2008, and since counsel for Plaintiffs agreed to this period at the hearing, the Court construes Plaintiffs' papers as requesting records only through that date.  See Decl. Kaplan at ¶ 3; Ex. A at p. 1.

United States District Court
For the Northern District of California

1   Defendant to submit the requested bank statements and copies of paid checks, as described above, to

2   Plaintiffs' designated auditor.

3   **III.     Attorneys' Fees and Costs**

4          Section 1132(g) of ERISA requires the Court to award plaintiffs "reasonable attorney's fees

5   and costs of the action" when plaintiffs obtain a judgment in their favor or otherwise obtain the relief

6   sought.  29 U.S.C. §1132(g)(2)(D); Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258

7   (9th Cir. 1996).  Plaintiffs seek reimbursement in the amount of $2,464.00 for attorneys' fees and

8   $585.00 for costs, covering the period of September 9, 2008 through May 28, 2009.  Kaplan Decl. at

9   ¶¶ 12-13.  Having reviewed Plaintiffs' itemization of these fees and costs, the Court determines that

10  the amounts requested by Plaintiffs are reasonable.  Therefore, the Court recommends that a

11  judgment be entered against Defendant for attorneys' fees in the amount of $2,464.00 and for costs

12  in the amount of $575.00, as well as any additional attorneys' fees and costs incurred in the

13  conclusion of the audit, according to proof and upon declaration to the Court.

14  **IV.     Other Monetary Relief**

15         Plaintiffs seek unpaid contributions, if any, according to proof, and liquidated damages, also

16  according to proof.  Complaint, Prayer for Relief, ¶ 2.  Plaintiffs further seek "any additional

17  contribution payable to Plaintiffs . . . as third party beneficiaries of the [CBA] . . . ."  Id. at ¶ 3.

18         ERISA compels the court to award plaintiffs "liquidated damages provided for under the

19  plan in an amount not in excess of 20 percent . . . of the amount determined by the court [as unpaid

20  contributions]."  29 U.S.C. §1132(g)(2)(C)(ii).  Liquidated damages are "mandatory and not

21  discretionary" if "the following three requirements [are] satisfied: (1) the employer must be

22  delinquent at the time the action is filed; (2) the district court must enter a judgment against the

23  employer; and (3) the plan must provide for such an award."  Northwest Administrators, Inc. v.

24  Albertson's Inc., 104 F.3d 253 (9th Cir. 1996) citing Idaho Plumbers & Pipefitters v. United

25  Mechanical Contractors, Inc., 875 F.2d 212 (9th Cir. 1989).

26         The Court recommends that Plaintiffs be permitted, upon completion of the subject audit, to

27  submit a declaration which: (1) itemizes and calculates Defendant's unpaid contributions, if any, (2)

28  establishes Plaintiffs' entitlement to liquidated damages with respect to the three requirements

1   above, (3) specifies and quotes the provisions in the Trust Agreement which authorize the requested

2   relief, including but not limited to liquidated damages, and includes as exhibits the relevant portions

3   of the Trust Agreement,[2] (4) and itemizes and calculates the amount and type of relief authorized by

4   the Trust Agreement.  The Court further recommends that, if Plaintiffs file such a declaration, they

5   be granted the relief that has been requested according to proof.

6        Lastly, Plaintiffs request that the Court retain jurisdiction over this case in order to enforce

7   its Order.  This request is reasonable and the Court recommends that it be granted.

8   **V.    CONCLUSION**

9        For the reasons set forth above, and for good cause shown, It Is Hereby Recommended that

10  the following default judgment be entered:

11       This Court having previously entered default against Defendant, and Plaintiffs having applied

12  to this Court for the entry of default judgment,

13       IT IS ORDERED that:

14  1. Within ten (10) days of the issuance of this Order, Defendant will make available to

15     Plaintiffs all bank records, including copies of checks, for the period of April 1, 2006,

16     through June 21, 2008, inclusive.

17  2. Attorneys' fees and costs are awarded to Plaintiff in the amount of $2,464.00 for attorneys'

18     fees and $575.00 for costs.

19  3. Pursuant to Plaintiffs' prayer for certain types of relief in amounts to be determined

20     according to proof, Plaintiffs may submit a declaration to this Court which:

21     a.    itemizes and calculates Defendant's unpaid contributions, if any,

22     b.    sets forth the factual basis of Plaintiffs' legal entitlement to liquidated damages,

23     c.    specifies and quotes the provisions in the Trust Agreement which authorize the

24           requested relief, including but not limited to liquidated damages, and includes as

25           exhibits the relevant portions of the Trust Agreement, and

26     d.    itemizes and calculates the amount and type of relief authorized by the Trust

27  _____

28       [2] In their papers, Plaintiffs state that they are entitled to relief pursuant to the terms of the Trust Agreement, but they do not cite the specific terms of the agreement that so entitle them. See Complaint at ¶ 14; Motion at 3:12 & 4:20-24.

Agreement.

This Court shall retain jurisdiction until it determines that Defendant has satisfied its obligations under the Order.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy . See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: August 5, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

6